ORIGINAL

# In the United States Court of Federal Claims

No. 16-1020C
(Filed August 23, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
                                               *
LAKESHA L. NORINGTON,                          *
                                               *
                Plaintiff,                     *
        v.                                     *
                                               *
THE UNITED STATES,                             *
                                               *
                Defendant.                     *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
AUG 23 2016
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

      On August 18, 2016, plaintiff Lakesha L. Norington, proceeding *pro se*, filed a complaint in this court along with a request for leave to proceed *in forma pauperis*. After carefully reviewing the complaint, the Court finds that Ms. Norington plainly failed to state a claim within this court's subject matter jurisdiction. The complaint alleges violations of her due process and equal protection rights relating to the denial of her tort claims before the United States District Court for the Southern District of Indiana, the Seventh Circuit, and the Supreme Court of the United States. Compl. ¶¶ 19–28. Ms. Norington's tort claims sought compensation for kidnapping, false arrest, criminal confinement, false imprisonment, and unjust conviction based on an illegal search and seizure in violation of Article VI of the United States Constitution, as well as the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.*

      Subject-matter jurisdiction can be challenged by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

USPS TRACKING # 9114 9999 4431 3548 1336 19
& CUSTOMER RECEIPT
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

As a basis for jurisdiction, plaintiff cites to three cases from this court, as well as multiple provisions of the United States Code: 28 U.S.C. §§ 1331, 1343(a)(3), 1367(a) 2071(a), 2071 (c), 2503(b), 2521(a); 42 U.S.C. § 1983. Compl. ¶¶ 5–12. Even though plaintiff cites cases from this court, *see id.* ¶¶ 5–6, she appears to misunderstand this court's jurisdiction. We have the power to hear only cases brought against the *United States* government; we do not have jurisdiction over claims against state and city officials or agents. *See* 28 U.S.C. § 1491; RCFC 10(a); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014). Likewise, this court does not have jurisdiction over the actions of other courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (This court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that our court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"); *Bafford v. United States*, No. 09–030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that our court does have jurisdiction to review the decisions of federal courts of appeal). As such, to the extent plaintiff's claims center around actions by the state of Indiana, Indiana municipalities, the Indiana State Attorney General, a federal district court, a circuit court, and the Supreme Court of the United States, Compl. ¶¶ 19–28, we do not have jurisdiction.

Even if the actions alleged by Ms. Norington were taken by the United States government, she has failed to identify a money-mandating law that can be the basis of our jurisdiction. For a statutory or constitutional violation to come within the jurisdiction of this court, the statute or clause allegedly violated must contain a provision that entitles one to money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005); *see also Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). Looking to the Constitutional provisions cited by plaintiff, Article VI, as well as the Fourth or Eight Amendments, are not money-mandating. *Marshall v. United States*, 2010 WL 125978, at *3 (Fed. Cl. Jan. 14, 2010) (Article VI); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment). Neither are the Due Process Clauses of the Fifth and Fourteenth Amendments money-mandating.[1] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clauses of both Fifth and

---

[1] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government, under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

the Fourteenth Amendments are not money-mandating). In addition, the Fourteenth Amendment does not apply to the actions of the federal government. *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)).

Further, none of the statutory provisions cited by plaintiff are money-mandating. The provisions cited under Title 28 of the United States Code deal with the jurisdiction of a district court (which does not include the Court of Federal Claims) and the procedural authority of this court—none of which are money mandating provisions. Regarding plaintiff's alleged violation of 42 U.S.C. § 1983, this court lacks jurisdiction because the district courts have exclusive jurisdiction over claim arising under the Civil Rights Act. *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007) (stating that this court has no jurisdiction over civil rights claims based under section 1983 of Title 42); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."); *see also Bowles v. United States*, No. 14–1241C, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015).[2] Plaintiff also refers to the violation of RCFC 83.2(i) by the United States. Compl. ¶ 4. Rule 83.2(i), however, deals with discipline for attorneys before this court when they interfere with the administration of justice, and thus is not a money-mandating basis for jurisdiction.

To the extent plaintiff is alleging a tort claim, we do not have jurisdiction as the Tucker Act expressly limits our jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013). Neither do we have jurisdiction over criminal matters, including unlawful search and seizure claims. *See* Fed. R. Crim. Proc. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."); 28 U.S.C. § 1356 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States . . . ."); *Joshua*, 17 F.3d at 379 (explaining that our court lacks jurisdiction to adjudicate claims under the criminal code); *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2015) ("[T]he principle that we do not exercise jurisdiction over criminal claims has been universally and thoroughly well-established by decisions of our court . . . ."); *see also Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims . . . does not have jurisdiction to hear . . . due process or seizure claims under the Fifth Amendment to the United States Constitution."); *Delmore v. United States*, No. 11-556C, 2011 WL

---

[2] Moreover, 42 U.S.C. § 1983 applies to actions of state and local, not federal, officials. *See Griffith v. United States*, No. 14–793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015).

5120484, at *1 (Fed. Cl. Oct. 31, 2011) (explaining that the Fourth Amendment, which protects citizens against unreasonable searches and seizures by the government, is not a basis of subject-matter jurisdiction in our court since it does not create a right to money damages for its violation).

      For the foregoing reasons, plaintiff's complaint is **DISMISSED** as beyond our court's jurisdiction pursuant to RCFC 12(h)(3). Since plaintiff seems to be confused about the jurisdiction of our court and this case did not require much judicial resources, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**, and Ms. Norington's obligation to pay the filing fee for this case is waived. Pursuant to RCFC 5.2, the Clerk is directed to place Exhibit A of plaintiff's complaint under seal since it contains protected personal information. The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge