ORIGINAL

# In the United States Court of Federal Claims

No. 16-1020C
(Filed November 22, 2016)
NOT FOR PUBLICATION

FILED
NOV 22 2016
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *

**LAKESHA L. NORINGTON,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On August 23, 2016, this court dismissed *pro se* plaintiff Lakesha L. Norington's complaint for lack of subject-matter jurisdiction. Plaintiff moves for reconsideration of that decision, under Rule 59 of the Rules of the United States Court of Federal Claims, maintaining that the Court misunderstood her complaint.

Plaintiff argues that her due process and equal protection rights were violated in a federal court, and that she can use 42 U.S.C. § 1983 to seek redress in our court. She identifies two provisions of the U.S. Constitution --- Article VI, clause 2 and the Fourteenth Amendment --- as the source of her rights. Pl.'s Mot. at 3–4. As the Court explained in the earlier order, *Norington v. United States*, No. 16-1020C, 2016 WL 4467617, at *2 (Fed. Cl. Aug. 23, 2016), Article VI is not money-mandating, *see Marshall v. United States*, 2010 WL 125978, at *3 (Fed. Cl. Jan. 14, 2010), and the Fourteenth Amendment does not apply to the federal government. *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)). Likewise, even if plaintiff means to assert equal protection or due process claims under the Fifth Amendment, such claims are not within this court's jurisdiction. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980).

Finally, plaintiff misunderstands the reach of 42 U.S.C. § 1983. She argues that, since the provision begins with the words "[e]very person," the actions of federal officials must be covered. Pl.'s Mot. at 4. But Ms. Norington overlooks the crucial language that follows, which specifies that the persons who are liable under the section are those who act "under color of any statute, ordinance, regulation, custom, or usage, *of any State or Territory or the District of Columbia.*" 42 U.S.C. § 1983 (emphasis added). Thus, section 1983 imposes liability on state and local officials only, as those are the people who act under color of state, local, or District of Columbia law.

Plaintiff has not established that any of her claims fall within our court's subject-matter jurisdiction. Accordingly, her motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge